UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-110-CVE |
| ) | |
| JAMES LESLIE GOODMAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Memorandum on the Admissibility of Lay Testimony in Support of Insanity Defense (Dkt. # 64). Defendant has notified the Court of his intention to call lay witnesses to testify as to "observed symptoms of a mental disease or defect," as well as to "express an opinion as to the sanity or insanity of the defendant." Id. In its February 11, 2008 Opinion and Order (Dkt. # 63), the Court explicitly stated that lay witnesses would be permitted to testify as to their own observations of defendant's behavior near or on the date of the offenses.

With respect to defendant's intention to question lay witnesses about opinions as to defendant's sanity or insanity, the Federal Rules of Evidence do not permit expert opinion testimony on the ultimate issue of sanity. Fed. R. Evid. 704(b).[1] Pursuant to Rule 701, a lay witness may offer opinion testimony so long as it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Rule 702 allows individuals qualified as experts to testify "in the form of an opinion or otherwise." Fed. R. Evid. 702. However, under Rule 704(b), even an expert witness may not testify as to "whether the defendant did or did not have the mental

---

[1] Defendant is well aware of Rule 704(b). See Dkt. # 57 (defendant's motion in limine asking the Court to prohibit expert witnesses to opine on the ultimate issue of defendant's sanity). However, now defense counsel wants the lay witnesses to so opine.

state or condition constituting an element of the crime charged or a defense thereto." Fed. R. Evid. 704(b). Accordingly, lay witnesses will not be permitted to offer an opinion as to whether defendant was sane or insane at the time of the offenses.[2]

**IT IS THEREFORE ORDERED** that defense counsel must limit his inquiry of any lay witnesses to observations of defendant's behavior only; <u>no</u> witness will be permitted to state an opinion or inference as to whether the defendant did or did not have the mental state of condition constituting an element of the crime charge or of a defense thereto. Such ultimate issues are matters for the trier of fact alone. Fed. R. Evid. 704(b).

**DATED** this 12th day of February, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court further notes that all of the cases cited by defendant in support of his argument that lay witnesses are permitted to express an opinion as to the defendant's sanity pre-date the amendments to the Federal Rules of Evidence.