# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES LESLIE GOODMAN, )<br>)<br>Defendant. ) | Case No. 08-CR-0110-CVE<br>(16-CV-0395-CVE-FHM) |

## OPINION AND ORDER

Now before the Court is defendant James Leslie Goodman's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 128). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

### I.

On November 5, 2008, a grand jury returned a superseding indictment (Dkt. # 34), charging defendant with four counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a), 1951(b)(1), and 1951(b)(3) (counts one, three, five, and seven); and four counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts two, four, six, and eight). On March 31, 2011, defendant pleaded guilty to four counts of Hobbs Act robbery (counts one, three, five, and seven); and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence (count four). Dkt.

# 124. Pursuant to a plea agreement, the remaining charges in the indictment and superseding indictment were to be dismissed at sentencing. Dkt. # 122. On April 29, 2011, defendant was sentenced to 54 months as to counts one, three, five, and seven, each count consecutive to the other, and seven years as to count four, consecutive to any other term of imprisonment. Dkt. # 126, at 2.

On June 24, 2016, defendant filed a § 2255 motion to vacate his conviction under § 924(c),[1] arguing that the underlying offense of Hobbs Act robbery fails to qualify as a "crime of violence" under § 924(c). Dkt. # 128, at 4. For the purpose of a conviction under § 924(c), § 924(c)(3) defines "crime of violence" as an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[2] With respect to § 924(c)(3)(B), defendant relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found that the residual clause of § 924(e)(2)(B), which defines "violent felony" for purposes of a conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), is

---

[1] In his § 2255 motion, defendant argues that his "conviction and sentence on count two must be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015)." Dkt. # 128, at 4. Defendant was not convicted of count two of the superseding indictment, but he was convicted of count four. Counts two and four of the superseding indictment both charged defendant with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Dkt. # 34. Accordingly, the Court interprets defendant's § 2255 motion as seeking to vacate his conviction on count four.

[2] Section 924(c)(3)(A) is known as the "elements clause," and § 924(c)(3)(B) is known as the "residual clause."

2

unconstitutionally vague. Johnson, 135 S. Ct. at 2556-57.[3] Defendant argues that § 924(c)(3)(B) should also be held unconstitutional, because it is "materially indistinguishable" from § 924(e)(2)(B)(ii). Further, defendant argues that Hobbs Act robbery does not constitute a "crime of violence" under § 924(c)(3)(A), because it does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another. Accordingly, defendant argues that he is actually innocent of the § 924(c)(1)(A)(ii) offense to which he pleaded guilty.

On August 9, 2016, this Court issued a stay pending a decision in United States v. Hopper, Appeal No. 15-2190, in which the Tenth Circuit was expected to determine whether the reasoning of Johnson applies to the definition of "crime of violence" provided in § 924(c)(3). Dkt. # 131. Before issuing a decision in Hopper, the Tenth Circuit issued a decision in United States v. Salas, 889 F.3d 681 (10th Cir. 2018), finding that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of the Supreme Court precedent. On June 6, 2018, following the decisions in Hopper, 723 Fed. App'x 645 (10th Cir. May 25, 2018), and Salas, the Court lifted the stay, appointed counsel for defendant, and ordered plaintiff to file a response to defendant's § 2255 motion. Dkt. # 135. Before plaintiff could file a response, the Tenth Circuit issued its decision in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), holding that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A). Id. at 1066.

---

[3] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016. See Dodd v. United States, 545 U.S. 353 (2005) (one-year statute of limitations under § 2255(f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review).

3

## II.

In its response (Dkt. # 138), plaintiff argues that defendant's § 2255 motion should be dismissed as untimely. Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Defendant's motion was not filed within one year of the date that his conviction became final; thus, he cannot establish that his motion was timely under § 2255(f)(1). Moreover, the Court has considered whether defendant's § 2255 motion could be timely under any other provision of § 2255(f), and neither § 2255(f)(2) nor § 2255(f)(4) could be applicable. Further, plaintiff argues that defendant cannot establish that his motion was timely under § 2255(f)(3) based on the Tenth Circuit's decision in United States v. Greer, 881 F.3d 1241 (10th Cir. 2018). In Greer, the Tenth Circuit narrowly construed the new constitutional right recognized in Johnson and stated that Johnson merely allows a defendant to challenge the validity of a sentence under the ACCA. Id. at 1248. The defendant in Greer asked the Tenth Circuit to apply the reasoning of Johnson to the

United States Sentencing Guidelines (USSG), but the Tenth Circuit found that this was not a true Johnson claim. Id.

Defendant argues that Greer has been "possibly abrogated" and it would be "ill-advised for this Court to resolve timeliness before the Tenth Circuit resolves the fate of *Greer*." Dkt. # 139, at 5. Since defendant's reply was filed, however, the Tenth Circuit issued a decision in United States v. Pullen, 913 F.3d 1270 (10th Cir. 2019), finding that Johnson did not create a new rule of constitutional law that would allow a § 2255 claimant to challenge the residual clause of USSG § 4B1.2. Further, in an unpublished decision, the Tenth Circuit found that a challenge to the definition of "crime of violence" contained in § 924(c)(3)(B)(ii) did not fall within the scope of the rule recognized in Johnson, and a defendant challenging his conviction under § 924(c) could not rely on Johnson to show that his motion was timely under § 2255(f)(3). United States v. Wing, 730 Fed. App'x 592 (10th Cir. Apr. 4, 2018).[4] The Court finds that defendant's challenge to his § 924(c) conviction does not fall within the scope of the new rule of constitutional law recognized in Johnson, and he cannot rely on § 2255(f)(3) to show that his § 2255 motion is timely. Accordingly, the Court finds that defendant has failed to show that his § 2255 motion is timely, and, thus, defendant's motion (Dkt. # 128) should be dismissed as time-barred.

Plaintiff also argues that Melgar-Cabrera is dispositive of the claim raised in defendant's § 2255 motion. Defendant acknowledges that Melgar-Cabrera appears to foreclose his challenge to the validity of his conviction under § 924(c), but he seeks to preserve his argument that Melgar-Cabrera was wrongly decided. Dkt. # 139, at 2. The Court notes that defendant has challenged

---

[4]   This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

whether Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), and this argument is preserved for the purpose of appeal. However, Melgar-Cabrera is binding precedent, and plaintiff is correct that Melgar-Cabrera would require the Court to reject defendant's challenge to the validity of his § 924(c) conviction if he had filed a timely § 2255 motion.

## III.

The Court has considered the claim raised in defendant's § 2255 motion (Dkt. # 128) and finds that his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant James Leslie Goodman's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 128) is **dismissed as time-barred**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability should not be issued because defendant has not made a substantial showing of the denial of a constitutional right.

**DATED** this 29th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE